UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:82-CR-0035-B-1 |
| | § | |
| DANIEL WILLIAMS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Daniel Williams's Motion to Reduce Term of Imprisonment (Doc. 2) and Motion to Appoint Counsel (Doc. 5). Williams seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 2, Mot., 1. For the following reasons, Williams's Motion to Appoint Counsel is **GRANTED**, and his Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On April 19, 1982, Williams pleaded guilty to two counts of "Bank Robbery" under 18 U.S.C. § 2113(a). *See* Doc. 1, Docket, 1, 3.[1] The Court sentenced Williams to two consecutive terms of 20 years in prison. *Id.* at 3. Williams also received a state sentence. Doc. 2, Mot., 2. He was incarcerated in a Texas State Penitentiary from 1982 until he was paroled to the Federal Penitentiary in Beaumont, Texas on August 2, 2022. *Id.* at 5. He has a scheduled release date of April 15, 2049.[2]

---

[1] The citations to the Docket (Doc. 1), Williams's Motion for Compassionate Release (Doc. 1), and Williams's Motion to Appoint Counsel (Doc. 5) refer to the pagination on the Electronic Case Files system.
[2] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last visited April 3, 2025).

Williams is 75 years old and claims to have suffered a stroke. *See* Doc. 2, Mot., 4–5. As a result of the stroke, he is partially paralyzed and uses a cane to walk. *Id.*; Doc. 3, Release Plan, 4. He also receives medication. Doc. 3, Release Plan, 4. He claims that he also suffers from schizophrenia and lingering cognitive disability because of his stroke. Doc. 2, Mot., 5; Doc. 5, Mot. Counsel, 1.

Williams filed a Motion to Reduce Term of Imprisonment on December 15, 2023. *See id.* He argues that his age and health conditions support reducing his sentence. *Id.* at 3–6. He also requests that the Court appoint an attorney to represent him because he "has no . . . knowledge of law" and is cognitively impaired. *Id.* at 6; *see generally* Doc. 5, Mot. Counsel. The Court considers Williams's Motions below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. §3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

"The First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue." *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.). However, the Fifth Circuit has addressed a defendant's right to counsel with respect to § 3582(c)(2) and found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (*per*

*curiam*). Thus, "the decision whether to appoint counsel rests in the discretion of the district court." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

### III.

### ANALYSIS

A.     *Williams Has Not Demonstrated Proof of Exhaustion.*

A court can only grant a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Williams has not satisfied the exhaustion requirement. He alleges in his Motion that he made a request to the warden for compassionate release on October 5, 2023, and that the warden did not respond to his request. Doc. 2, Mot., 3. However, because Williams did not attach any documentation to his Motion, such as the request to the warden and proof that the warden received his request, Williams has not exhausted his administrative remedies. *See United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.) (finding a defendant had not satisfied the exhaustion requirement when he failed to prove the warden received the request for compassionate release). Even though he failed to satisfy the exhaustion requirement, the Court next addresses the merits of Williams's Motion.

B.       *Williams Has Not Provided Sufficient Documentation to Support His Claims.*

Williams has alleged facts which, if true, could constitute "extraordinary and compelling

reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does

not define the "extraordinary and compelling reasons" that may merit compassionate release. *See*

*United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that

authority to the Sentencing Commission," which was directed to "promulgate general policy

statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what

should be considered extraordinary and compelling reasons for sentence reduction, including the

criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy

statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered

'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL

1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the

defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL

§ 1B1.13 cmt. n.1.[3] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and

thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*,

993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis

of a prisoner's motion as to what constitutes an extraordinary and compelling reason for

compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

Among reasons provided by § 1B1.13 are medical circumstances and age. U.S.S.G. §§ 1B1.13(b)(1)–(2). Medical circumstances include "suffering from a serious physical or medical condition," or "a serious functional or cognitive impairment." *Id.* at § 1B1.13(b)(1). For age to qualify as an extraordinary and compelling reason, the defendant must show he "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* at § 1B1.13(b)(2).

Williams asserts his age and medical condition constitute extraordinary and compelling reasons warranting his release. His medical condition alone does constitute an extraordinary and compelling reason. He asserts he suffered a stroke, and the stroke has caused him permanent physical and cognitive impairment.[4] *See* Doc. 2, Mot., 5; Doc. 5, Mot. Counsel, 1. But "a prison's ability to treat such condition must be part of the compassionate release analysis." *United States v. Wagner*, No. 4:18-CR-155-SDJ, 2023 WL 5337829, at *9 (E.D. Tex. Aug. 18, 2023). Williams alleges that he requires assisted living, but he does not allege that the prison cannot treat his condition. Doc. 3, Release Plan, 4. Instead, he notes that he receives medication and can provide his own self-care. *Id.*

But Williams's age, combined with his medical condition, may constitute an extraordinary and compelling reason for compassionate release. Williams is 75 years old, has served over 42 years of his sentence, and is suffering serious deterioration in both physical and mental health: he is

---

[4] These classifications are detailed in the Federal Bureau of Prisons Clinical Guidance: Care Level Classification for Medical and Mental Health Conditions or Disabilities, May 2019, available at: https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited March 3, 2025).

partially paralyzed and cognitively impaired. Doc. 2, Mot., 5. Williams does not assert that his deterioration in health is a result of the aging process, which weighs against his age constituting an extraordinary and compelling reason warranting release. *See* U.S.S.G. §§ 1B1.13(b)(2).

Considering Williams's Motion in light of § 1B1.13, the Court concludes that Williams has alleged circumstances that may rise to the level of "extraordinary and compelling reasons" warranting compassionate release. *See e.g.*, *United States v. Dugger*, No. 1:18CR6-LG-RHW, 2020 WL 4584374, at *1, *3 (S.D. Miss. Aug. 10, 2020) (granting compassionate release to an 80-year-old defendant who faced an increased risk from Covid, was suffering from lingering effects of a stroke, including partial paralysis, other medical conditions because of his age, and had served at least 50% of his sentence); *Segars v. United States*, No. CR 16-20222-3, 2020 WL 3172734, at *1–4 (E.D. Mich. June 15, 2020) (granting compassionate release to a 48-year-old inmate due to his hypertension, lingering paralysis after a stroke, concerns about his Covid susceptibility, and because he was not a danger to the community). While courts have granted compassionate release to inmates in circumstances like Williams's, courts have denied compassionate release to inmates who are younger or have less severe medical issues. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 432, 435 (5th Cir. 2021) (denying compassionate release for a 43-year-old defendant with hypertension and high cholesterol who suffered a stroke but had no lingering side effects). But here, the Court finds the circumstances may warrant release. Williams has schizophrenia, cognitive impairment, and, unlike the inmate in *Thompson*, he is 75 years old and has lingering side effects from a stroke. *Cf.* 53 F.4th at 432.

However, Williams does not allege that he cannot access the care he needs in prison. *See Wagner*, 2023 WL 5337829, at *9. Neither has he provided medical reports to support these claims. *See United States v. Parker*, No. 3:17-CR-0446-B-2, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020)

(Boyle, J.) (denying compassionate release in part because a defendant did not provide medical records to support her claims). Due to the lack of evidence supporting Williams's claims and his failure to allege that he cannot obtain the care he needs in prison, the Court finds that he has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i).

C.      *Further Records Are Required to Determine the § 3553(a) Factors.*

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Even if Williams had shown extraordinary and compelling reasons, his Motion does not provide enough information for the Court to weigh the § 3553(a) factors. *See* Doc. 2, Mot., 4–5. Williams does not explain the nature and extent of his state or federal charges. *Id.* The only record available to the Court, apart from what Williams provides in his Motion, is a federal docket sheet from 1982, which provides no information on his state charges.[5] *See* Doc. 1, Docket. Williams has been incarcerated for 42 years and has 24 years of imprisonment remaining. The maximum sentence available under the bank robbery statute is twenty years per charge. *See* 18 U.S.C. § 2113(a)[6]. Thus, the § 3553(a) factors could favor a sentence reduction. *See United States v. Hope*, No. 1:97-CR-105 (3)-MJT, 2023 WL 11109249, at *11 (E.D. Tex. Aug. 23, 2023), *report and recommendation adopted*,

---

[5] The Docket sheet states that Williams was taken into custody in 1982 and has been incarcerated for approximately 42 years. But Williams's Motion indicates that part of his time served was on state charges that do not appear in the record, and no state docket sheet is readily available. Thus, the Court cannot weigh the § 3553(a) factors.

[6] The statutory maximum was the same when Williams was sentenced. 18 U.S.C. § 2113(a) (1970).

No. CV 1:97-CR-105 (3), 2023 WL 11109250 (E.D. Tex. Sept. 18, 2023) (granting compassionate release in part because a defendant's state and federal sentences running consecutively constituted an "unwarranted sentence disparity" compared to defendants with similar conduct). But without further information on the nature of Williams's state charges, the Court cannot properly weigh the § 3553(a) factors.

D.    *The Court Grants Williams's Motion to Appoint Counsel.*

District courts have discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). When exercising this discretion, courts consider "whether the [defendant's] petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim." *United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (citation omitted). Here, Williams's circumstances may warrant compassionate release if he provides proof of his claims. Motions for compassionate release are generally "not particularly complex factually or legally." *United States v. Phillips*, No. 1:17-CR-143, 2023 WL 5337428, at *2 (E.D. Tex. Aug. 18, 2023) (citation omitted). But in Williams's case, details on his sentencing—which are necessary to weigh the § 3553(a) factors—may be legally complex. Williams asserts he was sentenced to serve 75 years in state custody before he could begin his 40-year federal sentence, but he left state custody after 40 years. Doc. 2, Mot., 2. And his scheduled release date is in 2049, which is earlier than it would be if he were sentenced to 75- and 40-year consecutive sentences. *See id.* Furthermore, his sentencing documents are from 1982. Due to the difficulty of obtaining documents from 1982 and the unsettled question about his sentencing,

appointing counsel could substantially benefit Williams and the Court in addressing this claim. *See Molina-Flores*, 2018 WL 10050316, at *2.

Accordingly, the Court **ORDERS** that Williams should be appointed counsel to assist in substantiating his medical claims and informing the Court of the nature of Williams's sentence.

## IV.

## CONCLUSION

For the foregoing reasons, Williams's Motion to Reduce Term of Imprisonment (Doc. 2) is **DENIED WITHOUT PREJUDICE**. By denying Williams's Motion without prejudice, the Court permits Williams to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) extraordinary and compelling circumstances warranting a sentence reduction; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support his release.

Williams's Motion to Appoint Counsel (Doc. 5) is **GRANTED**. The Federal Public Defender for the Northern District of Texas is hereby **APPOINTED** to represent Daniel Williams in requesting compassionate release under 18 U.S.C. § 3582. Should Williams wish to amend his motion, he must do so on or before **Monday, May 12, 2025**. The Government is **ORDERED** to respond within **30 days** of the date on which Williams files his amended motion.

**SO ORDERED.**

**SIGNED: April 9, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE